IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROK BROTHERS, INC.          *
                            *
v.                          *
                            *   Civil Action No. WMN-09-3423
BALTIMORE COUNTY, MARYLAND  *
                            *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss. Paper No. 23. The motion is fully briefed. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 106.5, and that the motion should be granted.

This case arises out of the award by Baltimore County, Maryland (the County) of a contract for the supply of certain automotive replacement parts. Plaintiff ROK Brothers, Inc. (ROK) contends it was the "lowest responsive and responsible bidder" on the contract, and yet the contract was awarded to a competitor. After pursuing a series of appeals through the County's administrative system, ROK filed suit in the Circuit Court of Baltimore County on February 5, 2009. The original complaint contained three counts for declaratory judgment under state law.

On November 20, 2009, ROK filed an amended complaint adding claims for violations of procedural due process under the

Maryland Declaration of Rights and the Fourteenth Amendment to the United States Constitution. Based on the federal question presented in the Amended Complaint, the County removed the action to this Court on December 22, 2009. In moving to dismiss the due process claims, the County argues that (1) ROK does not have a property interest to be protected by due process and (2) even if ROK had a protected property interest, ROK received all the process it was due. Because the Court finds ROK has no protected property interest, it need not reach the second argument.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, -- U.S. ---,---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). "Detailed factual allegations are not required, but allegations must be more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action[.]'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 330 U.S. at 555). "[O]nce a claim has been stated adequately," however, "it may be supported

by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563. In considering such a motion, the court is required to accept as true all well-pled allegations in the Complaint, and to construe the facts and reasonable inferences from those facts in the light most favorable to the plaintiff. Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in "property" or "liberty." See U.S. Const., Amendment 14 ("nor shall any State deprive any person of life, liberty, or property, without due process of law"); Mathews v. Eldridge, 424 U.S. 319, 332 (1976). Only after finding the deprivation of a protected interest do we look to see if the defendant's procedures comport with due process. Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999). The Fourteenth Amendment does not itself create property rights but rather affords a protection to them. Linton v. Frederick County Bd. of County Comm'rs, 964 F.2d 1436 (4th Cir. 1992). Property rights are determined from sources independent of the Constitution, such as state law. See Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

Here, ROK argues that "Maryland common law, which incorporates the standards of the Maryland Administrative

Procedure Act (APA),[1] the Baltimore County Code and the Purchasing Manual create and define the right of ROK, as the lowest responsible and responsive bidder, to be awarded the contract once the County decided to make an award." Opp'n at 8. The Court concludes that ROK has not sufficiently alleged a property interest. The Baltimore County Code allows that "the Purchasing Agent may reject all bids . . . when in the Purchasing Agent's judgment the public interest will be served." Balt. Co. Code § 10-2-406(b). If a contract is awarded, however, the Code also states that "the Purchasing Agent shall award a contract to the lowest responsive and responsible bidder following the public opening of bids." Id. § 10-2-406(c)(1). The Code also enumerates twelve specific factors that the Purchasing Agent shall consider "in addition to price." Id. § 10-2-406(c)(2). These additional factors include the bidder's reputation, financial resources, ability to perform in a timely manner, past performance, and other information known to the purchasing agent. Id. § 10-2-406(c)(2)(i)-(xii).

---

[1] The County maintains that County agencies are not subject to the provisions of the state APA. Mot. at 3 n.2; Reply at 3. ROK counters that Maryland common law has incorporated the standards of the Maryland APA into the review of all administrative decisions. Opp'n at 12 (citing Prince George's County v. Beretta U.S.A. Corp., 747 A.2d 647 (Md. 2000)). The Court will assume for the purposes of this motion that the provisions of the APA are applicable.

The Baltimore County Purchasing Manual contains similar provisions. "The Purchasing Agent shall purchase all commodities and contractual services of an estimated cost in excess of $25,000 by formal bid process from the lowest responsive and responsible bidder following public notice inviting bids." Purchasing Manual § 6.1.1. The Solicitation at issue here also states that, while the County "reserves the right to reject, in whole or in part any and all bids received, and to make a whole award, multiple awards, a partial award, or no award, to best serve the public interest," Solicitation § 3.1, if an award is made, it "is made to the lowest responsive and responsible bidder following the public opening of bids under Section 10-2-406 of the Baltimore County Code, 2003, as amended." Id. § 2.1.

ROK cites to and relies heavily upon several decisions from other jurisdictions that have recognized that a statutory requirement that contracts be awarded to the "lowest responsive and responsible bidder" gives that bidder a property interest in the award of the contract once the agency decides to make an award. See Three Rivers Cablevision, Inc. v. City of Pittsburgh, 502 F. Supp. 1118 (W.D. Pa. 1980); Teleprompter of Erie, Inc. v. City of Erie, 537 F. Supp. 6 (W.D. Pa. 1981); Anderson-Myers Co., Inc. v. Roach, 660 F. Supp. 106 (D. Kan. 1987). The reasoning of these decisions, however, has been the

5

subject of considerable criticism by numerous courts. See, Indep. Enters. v. Pittsburg Water and Sewer Auth., 103 F.3d 1165, 1178 n.11 (3rd Cir. 1997) (finding the reasoning of Teleprompter and Three Rivers unpersuasive); Interior Contractors v. Bd. of Trs. of Newman Mem. County Hosp, 185 F. Supp.2d 1216, 1225 n.6 (referring to the "oft-criticized decision" of Three Rivers as representing the "minority viewpoint" and opining that Anderson-Myers might no longer be good law under Tenth Circuit precedent). Other courts have attempted to limited these decisions to their unique facts, noting that Three Rivers and Teleprompter arose out of the award of citywide cable television franchises that "granted an exclusive right or monopoly on a long-term or even indefinite basis." Sowell's Meats and Servs., Inc., 618 F. Supp. 140, 146 (D.S.C. 1985); see also Kendrick v. City Council of Augusta, Ga., 516 F. Supp. 1134, 1139 (D. Ga. 1981) (opining that "dispositive in Three Rivers Cablevision were the unique factual allegations").

The majority of decisions addressing due process claims brought by disappointed bidders, including one from the Fourth Circuit, have held that unsuccessful bidders for public contracts have no protected property interests. See Sowell's Meats & Servs., Inc. v. McSwain, 788 F.2d 226, 228 (4th Cir. 1986) (applying South Carolina law); see also, Walker v. Univ.

of Texas Med. Branch, Civ. No. 8-417, 2009 WL 2461024 at *8 (E.D. Tex. Aug 7, 2009) (applying Texas law and observing "[t]he clear weight of authority indicates that when state law permits a public agency to reject any and all bids, or to use its judgment to select the best bid, a bidder possesses no constitutionally protected property interest in his individual bid"); City-Wide Asphalt Paving, Inc. v. Alamance County, 966 F. Supp. 395, 400-01 (M.D.N.C. 1997) (applying North Carolina law); Corner Const. Corp. v. Rapid City School Dist. No. 51-4, 845 F. Supp. 1354 (D.S.D. 1994) (applying South Dakota law); Grand Canyon Pipelines, Inc. v. City of Tempe, 816 P.2d 247 (Ariz. Ct. App. 1991) (applying Arizona law); Teton Plumbing & Heating, Inc. v. Board of Trustees, 763 P.2d 843, 849 (Wyo. 1988) (applying Wyoming law); City Communications, Inc. v. City of Detroit, 650 F. Supp. 1570, 1580 (E.D. Mich. 1987) (applying Michigan law); ARA Services, Inc. v. School District of Philadelphia, 590 F. Supp. 622, 629 (E.D. Pa. 1984) (applying Pennsylvania law and expressing disagreement with Three Rivers).

In reaching the conclusion that the laws compelling competitive bidding do not support the finding of a property interest for the disappointed bidder, courts have focused on the degree of discretion granted under state law in awarding public contracts. To have a property interest in a potential contract, a person "clearly must have more than an abstract need or desire

7

for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. The Fourth Circuit has interpreted this language from Roth to instruct that "a cognizable property interest exists only where the state actor's discretion is narrowly circumscribed . . . ." City-Wide Asphalt, 966 F. Supp. at 400 (citing Gardner v. City of Baltimore, 969 F.2d 63, 68 (4th Cir. 1992) and Stewart v. Bailey, 7 F.3d 384, 392 (4th Cir. 1993)); see also Walker, 2009 WL 2461024 at *8 ("When official action is discretionary, 'one's interest in a favorable decision does not rise to the level of a property right entitled to procedural due process protection.'") (quoting Walentas v. Lipper, 862 F.2d 414, 419 (2d Cir.1988)).

Cases declining to find a property interest belonging to a disappointed bidder also emphasize that competitive bidding provisions are enacted for the protection of the taxpaying public, rather than for the protection of bidders. See Corner Construction, 845 F. Supp. at 1359 ("holding that state competitive bidding statute "vests no interest in parties bidding on local contracts [as t]he statute was enacted for the benefit of the taxpaying public, to guard against favoritism, improvidence, extravagance, fraud and corruption"); ARA Services, Inc., 590 F. Supp. at 627 ("The competitive bidding procedures are designed to protect the taxpayers from the

8

wasteful or fraudulent expenditure of public funds, and create no rights in 'disappointed bidders' who are not taxpayers."). In a decision from the Eastern District of Pennsylvania issued just one month before the Three Rivers decision upon which ROK so heavily relies, the court observed that allowing the disappointed bidder to maintain an action for damages would "force the taxpayers to shoulder a double burden." J.P. Mascaro & Sons, Inc. v. Twp. of Bristol, 497 F. Supp. 625, 627 n.2 (E.D. Pa. 1980). "'[I]f the low bidder is permitted to maintain such an action . . . (it) would make the public body pay the difference between the lowest bid and the bid for which the contract was made, and also the profit that the lowest responsible bidder would have made if the statute has not been violated.'" Id. (quoting R.S. Noonan v. York School District, 162 A.2d 623, 625 (Pa. 1960)).

This Court is aware of no published opinion decided under Maryland law that directly resolves the question of whether a competitive bidding provision can give rise to a protected property right for the disappointed bidder. In Newman & Sons v. Washington Suburban Sanitary Comm'n, a decision relied upon by the County, Judge Smalkin simply stated, "a disappointed bidder has no fourteenth amendment property interest in a government contract unless state law declares that such a right exists." 696 F. Supp. 160, 161 (D. Md. 1988) (emphasis added). In

9

Newman, the plaintiff had pointed to no Maryland case or statute, whatsoever, to support his claim and on that basis Judge Smalkin dismissed the claim.

This Court is not without some guidance, however, as to whether, in Maryland, property interests are created under competitive bidding provisions. Maryland has long held that "in determining who is the lowest responsible bidder, the municipal authorities have a wide discretion, will not be controlled by the courts except for arbitrary exercise, collusion, or fraud, and they need not be guided in this determination solely by the question of the pecuniary responsibility of a bidder, but may consider his ability to respond to the requirements of the contract and his general qualifications to properly execute the work." Maryland Pavement Co. of Baltimore City v. Mahool, 72 A. 833 (Md. 1909); see also, Madison v. Harbor Board, 25 A. 337, 337-38 (Md. 1892) (where ordinance stated that contracts shall be awarded to lowest responsible bidders, the board awarding the contract "must have a large degree of discretion in the exercise of its important functions"). The Maryland Court of Special Appeals summarized the development of the principles and standards enunciated in Madison and Mahool as follows: "the Court of Appeals, in a series of cases, has made it clear that when boards or commissions are mandatorily required to award a contract to the 'lowest responsible bidder,' they are invested

10

with such a great deal of discretion that their decisions will not be reversed simply because they are mistaken."[2] As noted, above, courts have found this degree of discretion in the award of contracts to be antithetical to the recognition of a property right. See Gardner v. City of Baltimore, 969 F.2d at 68 (observing that "[a]ny significant discretion conferred upon the local agency defeats the claim of a property interest").

Maryland also shares with other jurisdictions the view that competitive bidding provisions are for the benefit of the taxpaying public and not the bidders.

> The provisions of statutes, charters and ordinances requiring competitive bidding in the letting of municipal contracts are for the purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud and corruption, and to secure the best work or supplies at the lowest price practicable, and they are enacted for the benefit of property holders and taxpayers, and not for the benefit or enrichment of bidders, and should be so construed and administered as to accomplish such purpose fairly and reasonably with sole reference to the public interest.

Hylton v. Mayor and City Council of Baltimore, 300 A.2d 656 (Md. 1972).

---

[2] The Court of Special Appeals continued its summary of the holdings of the decisions of the Court of Appeals by observing "that discretion is not totally unbridled," in that contract awards "are subject to judicial review and reversal if the board acts fraudulently or collusively or in violation of law or so arbitrarily as to have abused its discretion." Id. A disappointed bidder, however, "does not have a property interest for purposes of due process analysis simply because state common law affords them a remedy against abusive and arbitrary local government decisions." City-Wide Asphalt, 966 F. Supp. at 402.

11

For these reasons, the Court finds that ROK has failed to state a claim for a violation of its procedural due process rights under the United States Constitution and, therefore, will dismiss that claim, as well as the due process claim under the Maryland Declaration of Rights.[3]  As the federal due process claim is the only claim over which this Court would have original jurisdiction, it will remand the action back to the Circuit Court for Baltimore County for resolution of the remaining state law claims.  See Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 616 (4th Cir. 2001) (holding that under 28 U.S.C. § 1367(c) a district court has discretion to remand removed state claims when the federal claims drop out of the case).

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: April 15, 2010

---

[3] Courts interpret Article 24 of the Maryland Declaration of Rights and the Due Process clause of the Fourteenth Amendment of the United States Constitution to be in pari material.  Pickett v. Sears Roebuck & Co., 775 A.2d 1218, 1224 (Md. 2001).